**SEALED**

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>6352 Freedom Road<br>Bristol, VA | Case No. 1:14mj64 |

## ANTICIPATORY SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Western_____ District of _____Virginia_____
*(identify the person or describe the property to be searched and give its location)*:
6352 Freedom Road, Bristol, VA (to include the residence, curtilage, outbuildings, persons present, and vehicles present.) Attachment A consists of an aerial photograph of the residence.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property UPON OCCURRENCE OF THE FOLLOWING CONDITION(S) *(state the condition(s) which must occur to establish probable cause)*:
The seizure of a multi-pound quantity of marijuana from Kevin Bullen as specifically described in Attachment C, Paragraph 6

I further find that upon the occurrence of the conditions specified above, such search will reveal *(identify the person or describe the property to be seized)*:
See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before _____April 1, 2014_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.  ☒ at any time in the day or night because good cause has been established.

IF THE CONDITION(S) DESCRIBED ABOVE HAVE NOT OCCURRED, THIS WARRANT MUST NOT BE EXECUTED.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Pamela Meade Sargent_____
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____

Date and time issued: 3/27/14 @ 9:43 p.m.    *Judge's signature*

City and state: Abingdon, Virginia    Pamela Meade Sargent, USMJ
*Printed name and title*



6352 FREEDOM ROAD, BRISTOL, VA

ATTACHMENT B

1. Marijuana, marijuana distribution paraphernalia including scales, plastic baggies, wrapping material; devices used to communicate with other drug traffickers/co-conspirators including cellular telephones and two-way radios; electronic equipment used for counter-surveillance to include scanners, and anti-bugging devices; specially built hidden compartments or paperwork evidencing the building of hidden compartments on vehicles (such compartments are routinely used by narcotics traffickers to conceal and transport controlled substances and the proceeds from the sale of controlled substances).

2. Firearms, including handguns, rifles, and shotguns that are commonly used by individuals to protect controlled substances and related drug proceeds/assets. Firearms, oftentimes stolen, are also routinely bartered in exchange for controlled substances.

3. Books, records, ledgers, notes, and videos pertaining to the illicit distribution, purchasing, and transporting of marijuana.

4. Messages/letters, telephone numbers, and addresses relating to customers, suppliers, and other co-conspirators involved with the illicit distribution, purchasing, and transporting of marijuana. These messages/letters, telephone numbers, and addresses may be written on personal calendars, personal address and /or telephone books, Rolodex type indices, notebooks, loose pieces of paper, and found in mail.

5. Photographs and videos depicting marijuana, drug distribution paraphernalia, substantial assets, co-conspirators, and persons with marijuana,

6. Books, ledgers, receipts, bank statements, cashier's checks, and other items evidencing the acquisition, secreting, transferring and/or concealment of assets or the expenditure of narcotics proceeds.

7. Items or articles of personal property tending to show ownership, dominion, or control of the premises/property/vehicles. Such items or articles include personal identification, personal correspondence, diaries, checkbooks, notes, photographs, keys, receipts, mail, personal telephone and address books, videos, and motor vehicle related documents (titles/registrations).

8. Large amounts of currency (exceeding $1,000.00) or readily transported assets which are used as cash equivalents (cashier's checks, bearer bonds, gold, diamonds, precious jewels, etc.).

ATTACHMENT B (Continued)

9. Items listed in Paragraphs 3 through 7 may be stored in digital media. Therefore, digital media (including but not limited to computers/computer hard drives, floppy disks, CD's, flash/jump drives, personal digital assistants (PDA's), cellular telephones, digital cameras, iPODs, iPADs, etc.) are to be seized and examined for the items listed in Paragraphs 3 through 7.